**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL LAMAR RHYMES,

    Petitioner,

vs.

JACK PALMER, *et al.*,

    Respondents.

3:07-cv-00302-RCJ-VPC

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. This action comes before the Court on the merits of the petition.

**I. Background**

Petitioner was found guilty by jury trial of two counts of sexual assault. (Exhibits 3 & 4).[1] Petitioner was convicted of sexually assaulting two victims while giving them massages as part of his massage therapy training. Petitioner was sentenced on November 29, 2004. (Exhibit 5). On Count I, petitioner was sentenced to a prison term of 25 years, with a minimum parole eligibility after serving 10 years. On Count II, petitioner was sentenced to a prison term of 25 years, with a minimum parole eligibility after serving 10 years. The term for Count I runs consecutive to Count II. (Exhibit 7). Both sentences run consecutive to the sentence imposed in another criminal case, C181522, for which petitioner is serving life with the possibility of parole. (*Id.*).

---

[1] The exhibits referenced in this order are found in the Court's record at ECF No. 17.

Petitioner appealed from his conviction. (Exhibit 8). On September 23, 2005, the Nevada Supreme Court filed an Order of Affirmance and Limited Remand to Correct the Judgment of Conviction. (Exhibit 12).

Petitioner filed a state habeas petition on July 31, 2006. (Exhibit 14). On October 19, 2006, the state district court filed a written order denying the petition. (Exhibit 17). Petitioner appealed from the denial of the petition. (Exhibit 18). On May 24, 2007, the Nevada Supreme Court filed an order of affirmance and limited remand to correct the judgment of conviction. (Exhibit 19). Remittitur issued on June 19, 2007. (Exhibit 20).

Petitioner dispatched his federal petition to this Court on July 5, 2007. The federal petition is a verbatim copy of the petition that he filed with the state district court. (ECF No. 3). Respondents filed an answer on June 23, 2008. (ECF No. 17). The Court now considers the merits of the petition.

## II. Federal Habeas Corpus Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if

2

the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001). Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**III. Discussion**

    **A. Ground One (I)**

Petitioner alleges that counsel was ineffective in failing to conduct pretrial investigation of other patrons who had received massages from petitioner.

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made

3

errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted). If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

On appeal from the denial of petitioner's state habeas petition, the Nevada Supreme Court considered petitioner's claims that his trial counsel was ineffective in failing to conduct pretrial investigation of other patrons who had received massages from petitioner. The Nevada Supreme Court rejected this claim:

> Appellant's convictions resulted form his digitally penetrating the two victims while giving them massages as part of his massage therapy training. Appellant claimed counsel was ineffective for failing to locate patrons and other massage students and obtain their testimony that

|   |   |
|---|---|
| 1 | appellant had massaged them without incident, that other people were nearby when the victims were massaged, that sexual contact was sometimes expected by clients, and that each massage concludes with a visit by the student's supervisor with the client. Appellant failed to support this claim with any specific factual allegations. Further, even had these witnesses been located and so testified, appellant failed to explain how it might have changed the outcome of the proceedings given the two victims' testimony that appellant digitally penetrated them without their consent and of another young woman who appellant touched in appropriately while telling her he was studying massage therapy. We conclude the district court did not err in denying these claims. |

(Exhibit 19, at pp. 2-3) (footnotes and citations omitted).  The Nevada Supreme Court cited and applied *Strickland v. Washington*, 466 U.S. 668 (1984), the correct federal standard for evaluating ineffective assistance of counsel claims.  The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  The Court will deny habeas relief with respect to the entirety to Ground One (I).

**B.  Grounds One (II) and (III)**

Petitioner alleges that counsel was ineffective for failing to investigate victim Carolyn Crawford's psychological history.  Petitioner contends that counsel was ineffective for failing to move for a psychological evaluation of Crawford.  The Nevada Supreme Court rejected this claim, as follows:

> Appellant next claimed counsel was ineffective for failing to investigate Crawford's psychiatric history or move for a psychiatric evaluation of Crawford. Appellant claimed Crawford disclosed in her paperwork at the massage therapy clinic that she was taking "certain psycotropic (sic) medication." Appellant failed to provide support for these claims, and we conclude the district court did not err in denying them.

(Exhibit 19, at pp. 3-4) (footnotes and citations omitted).  The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an

5

unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court will deny habeas relief with respect to the entirety to Grounds One (II) and (III).

### C. Grounds One (IV, V, VI, and VII)

Petitioner contends that counsel was ineffective in failing to investigate "scientific and medical aspects" of the case. Petitioner admits to inappropriate touching of the victims, but argues that one could make contact with the clitoris without penetrating the vagina. Petitioner contends that because of this failure, counsel failed to effectively cross-examine the State's expert witness. Petitioner further contends that counsel failed to hire a medical expert to refute testimony of the State's expert witness. The Nevada Supreme Court considered and denied this claim:

> Appellant also claimed counsel was ineffective for failing to investigate and obtain expert testimony that appellant could have touched each victim's clitoris without actually penetrating her. Appellant failed to support this claim with any specific factual allegations. We conclude that the district court did not err in denying this claim.

(Exhibit 10, at p. 4) (footnotes and citations omitted). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Habeas relief is denied as to the entirety to Grounds One (IV, V, VI, and VII).

### D. Ground Two (I)

Petitioner claims that counsel was ineffective for failing to object to the prosecutor's closing argument wherein she argued that the State proved that the touching was without the consent of the victims. Petitioner contends that doing something to someone "without their consent" does not necessarily mean it was "against their will," and therefore, the consent element of the charged crimes was negated. Petitioner argues that the victims communicated to him that they wanted sexual interaction

6

with him, and that counsel was ineffective for failing to pursue that as a defense. The Nevada Supreme Court rejected this claim, as follows:

> Appellant next claimed counsel was ineffective for failing to challenge the State's argument in closing that appellant's acts were without the victims' consent, which appellant argued is not the same as against the victim's will, the language of the sexual assault statute, NRS 200.366(1). Appellant provided no citation to legal authority for this proposition. This court has frequently discussed the elements of sexual assault using the terms "consent" and "lack of consent," as does appellant in his next claim. We conclude the district court did not err in denying this claim.

(Exhibit 19, at p. 4) (footnotes and citations omitted). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court will deny habeas relief with respect to the entirety to Ground Two (I).

**E. Grounds Two (I-IV)**

Petitioner contends that counsel was ineffective for failing to request a jury instruction defining "reasonable belief" as a defense to the charge of sexual assault. The Nevada Supreme Court considered and denied these claims:

> Appellant also claimed counsel was ineffective for failing to request a jury instruction on the defense of reasonable mistaken belief of the victims' consent. "[A] proposed instruction on reasonable mistaken belief of consent must be given when requested as long as some evidence supports its consideration. Appellant argued Crawford's consent was suggested by her failure to object or cover herself when her breasts and lower body became exposed during the massage and "ma[king] no objection to the Petitioner massaging the intimate areas immediately adjacent to her vagina and . . . voic[ing] no objection even after Petitioner had placed his finger inside her." Appellant argued Granik's consent to digital penetration was suggested by her failing to object to her breasts becoming exposed during the massage and by her removing her jeans after telling appellant to massage her feet. Based on appellant's argument, we conclude that appellant failed to establish that such an instruction would have been given if requested or could have changed the outcome of the proceedings. We therefore conclude the district court did not err in denying this claim.

7

(Exhibit 19, at pp. 4-5) (footnotes and citations omitted). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court denies habeas relief as to the entirety to Grounds Two (I-IV).

### F. Ground Three

Petitioner claims that appellate counsel was ineffective for failing to attack the sufficiency of the evidence, as to petitioner's theories regarding "penetration," and "consent." Specifically, petitioner repeats his arguments that he never actually penetrated the victims and "it was reasonable for Petitioner to believe the victim was okay with the sexual activity." Petitioner claims that appellate counsel was ineffective for failing to present these issues on appeal. The Nevada Supreme Court considered and denied this claim:

> Appellant also claimed he received ineffective assistance of appellate counsel. To state a claim of ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal.
>
> Appellant claimed appellate counsel was ineffective for not arguing that the evidence was insufficient to support his convictions. Appellant failed to demonstrate that this claim had a reasonable probability of success on appeal. Our review of the record on appeal reveals that both victims testified that appellant digitally penetrated them and they did not want him to. We therefore conclude that the district court did not err in denying this claim.

(Exhibit 19, at pp. 5-6) (footnotes and citations omitted). The Nevada Supreme Court cited and applied the correct federal standard for evaluating ineffective assistance of appellate counsel claims. The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that

8

the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  The Court will deny habeas relief with respect to the entirety to Ground Three.

**IV. Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*  This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a certificate of appealability.

///
///
///
///
///
///

**V. Conclusion**

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

DATED this __3rd__ day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE